No. 14,025.

FRANK H. MORTIMER vs. MRS. J. C. HODGSON.

SYLLABUS.

1. The ownership of immovables is acquired by possession as owner during thirty years.

2. The ownership of movables is acquired by continuous and uninterrupted, peaceable, public and unequivocal possession during ten years in good faith as owner, under a title valid in form and translative of property.

APPEAL from the Civil District Court, Parish of Orleans—
*Sommerville, J.*

*Frank N. Butler* for Plaintiff, Appellee.

*J. Zach Spearing* for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J. The plaintiff, Frank H. Mortimer, brings this suit against Mrs. Amelia F. Dupeire, wife of J. C. Hodgson, to compel her to accept title to the following described property, to-wit: Two certain lots of ground, tobether with all the buildings and improvements thereon, situated in the Sixth District of this city in square designated by the municipal No. 178, bounded by Lyons, Laurel, Live Ooak and Bordeaux streets, said lots are designated by the numbers thirteen and fourteen and measure each thirty feet front on Lyons street by one hundred and fifty feet in depth between equal and parallel lines.

The plaintiff acquired said property at a sale made by the sheriff of the Parish of Orleans on the 17th of March, 1898, in suit of Frank N. Butler vs. Mrs. Florio Jonas, wife of Edward Jonas *et als.,* No. 55,485 on the docket of the Civil District Court for the Parish of Orleans. The defendant in said suit had acquired by purchase from the Eureka Homestead Association on the 15th of May, 1894; said association had acquired on the same day from Thomas Powell; and the latter from the Peoples' Homestead Association, on the 23rd of May, 1891. This association had acquired by purchase from Jean Courrege, and Mrs. Severine, wife of Jean Lozes, on the 28th of January, 1891. Courrege had acquired by the last will and testament of his wife, Pauline Edler, on April 16th, 1888. Pauline Edler and Severine Edler had acquired, on the 21st of October 81, 1843, by donation *inter vivos,* from Mrs. Jeanne Francoise Levanier, wife of Pierre Martin, and the latter had acquired by purchase, on the 28th of June, 1841, from Martin Valmont Soniat Dufoussat. How this last had acquired the record does not show.

All these transfers were by authentic act, in due form and duly recorded, and defendant impugns the good faith of none of them; and it is undeniable, under the testimony found in the record, that all the parties named held actual possession of the property under their several titles.

But it seems that the act of donation by Mrs. Martin to Pauline and

Severine Edler was signed neither by the donor nor by the notary before whom the act purports to have been passed, and in whose book of bound records the original act is found. Also it would appear that the property was acquired by Mrs. Martin during the existence of her marriage with Pierre Martin, and that the said property, therefore, was community property. Upon this non-signature of the act of donation, and on this legal presumption of the property having been community property, the defendant bases her objection to the title.

The act of donation was duly recorded on the 23rd day of October, 1843, two days after its passage. This registry was made on a certified copy of the original act furnished by the notary, which certified copy contains the signatures of all the parties, including the notary. The evidence shows that the husband of the donor, Mr. Martin, died in 1850, leaving no heirs, so far as any one knows; that Mrs. Martin, the donor, died in 1852, leaving no heirs, so far as any one knows, except possibly Severin Edler, the father of Severine and Pauline Edler, the donees. Severin Edler, it would seem, was an only son of Mrs. Martin, and, so far as any one knows, was an illegitimate child. Between the time of the donation and the death of Mrs. Martin, the rents of the property were collected by Jean P. Lozes, the husband of Severine Edler, for the account of his wife and of the sister Pauline Edler. The evidence establishes that the possession, or the title, of Severine Edler and Pauline Edler and of all those who have held the property after them have never been impugned by any one.

From the foregoing statement of facts the legal conclusion is that, at the purchase of the property in question from Martin Valmont Soniat Dufoussat, one undivided half thereof vested in Pierre Martin, and that the title of the said Pierre Martin or his heirs, if any heirs he had, to said undivided half of said property, has never been divested otherwise than by prescription; and, further, that the said act of donation is invalid for want of the signatures of the donor and the notary; but that the said Pauline and Severine Edler and their assigns having held actual possession of the property during more than thirty years as owners, they have acquired title to said property by the prescription of thirty years; and, further, that the said Peoples' Homestead Association having acquired the said property in good faith by act translative of property and having by itself and through its assigns held actual, public, continuous and notorious possession of said property during ten years, said association and its assigns have acquired title to said prop-

erty by the prescription of ten years; and, that, consequently, the title to said property tendered by the plaintiff to the defendant is a good and valid title, such as the defendant is bound to accept.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs in both courts.